UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIK KESSACK,

                Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

                Defendant.

CASE NO. 3:25-cv-05105-BHS

ORDER ALLOWING AMENDED COMPLAINT AND RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

      The District Court has referred Plaintiff Erik Kessack's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 05-25. On February 6, 2025, Plaintiff filed a proposed Complaint and IFP Application, that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1.

      **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1. Plaintiff has $17 cash on hand, and $242 in his bank accounts. *Id*. Plaintiff has no assets and his expenses exceed his income. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this proposed Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed Complaint, Plaintiff alleges that, between February and April 2022, his constitutional rights were violated by Washington State Department of Corrections ("DOC") officials while incarcerated at the Washington Corrections Center ("WCC") in Shelton, Washington. Dkt. 1-1. Plaintiff's allegations include claims of excessive use of force, sexual abuse, abuse of power, deprivation of basic human needs, and retaliation. *Id*. at 7.

***Sua Sponte*** **Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims.**

***Section 1983***. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended Complaint.

### I. Personal Participation

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v.*

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the proposed Complaint, Plaintiff names the following eight Defendants, who Plaintiff alleges are Corrections Officers: Iosefo Henke, James Larance, Jennifer Martin, Braxton Rawls, Colton Nordyke, Michael Skoropinksi, Al Woodberry, and Dustin Pietroski. Dkt. 1-1. Plaintiff fails to state alleged wrongdoing of any of these individual Defendants. Plaintiff does provide detailed information regarding the abuses he allegedly suffered, but does not set forth the allegations against any named Defendant.

For example, Plaintiff alleges DOC officers used excessive and unreasonable force against him during a medical emergency and cell extraction, but does not reference any named Defendant. *Id*. at 7. Plaintiff also alleges he was subjected to sexual abuse by DOC staff, including sexual statements made by a unit supervisor and a sexual assault by a corrections officer, but does not name these individuals. *Id*. As to his allegations of an abuse of power, Plaintiff alleges DOC officers used verbal abuse and threats and withheld privileges and medical care, but does not set forth these allegations against any named Defendant. *Id*.

Plaintiff also claims that he was deprived of basic human needs such as access to adequate food, medical care, and sanitary living conditions, but does not attribute these deprivations to any named Defendant. *Id*. And finally, Plaintiff alleges DOC officers retaliated against him for complaining about these abuses, but does not make this allegation against any

named Defendant. *Id*. In sum, Plaintiff does not identify a particular Defendant as an actor engaging in the conduct alleged to violate Plaintiff's constitutional rights.

Plaintiff's conclusory allegations are insufficient to show Defendants personally participated in the alleged constitutional violations. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, if Plaintiff wishes to pursue these claims arising from his time at WCC in 2022, he must provide a short, plain statement naming individual Defendants and explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

## II.     Improper Defendant

Plaintiff also names the Washington State DOC as a Defendant. Dkt. 1-1. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a §1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under § 1983 and should not be named in this lawsuit.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). At this time, the Court finds Plaintiff should be afforded an opportunity to amend his proposed Complaint to try to state a claim against the named Defendants. Plaintiff's proposed amended Complaint, if any, should be filed on or before March 24, 2025.

ORDER ALLOWING AMENDED COMPLAINT AND RENOTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 5

1 **Decision on Application to Proceed IFP.** A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati*, 821 F. 2d at 1370).

Based upon the above analysis of the deficiencies in the proposed Complaint, the Court finds it appropriate to re-note Plaintiff's IFP Application (Dkt. 1) to March 24, 2025.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's IFP Application (Dkt. 1) is **RENOTED** to **March 24, 2025;** and
- Plaintiff's proposed amended Complaint, if any, **IS DUE** on or before **March 24, 2025**.

Dated this 24th day of February, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER ALLOWING AMENDED COMPLAINT AND RENOTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 6