UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIK KESSACK,

                Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
*et al.*,

                Defendants.

CASE NO. 3:25-cv-05105-BHS

REPORT AND RECOMMENDATION

Noting Date: March 25, 2025

      Plaintiff Erik Kessack has filed an Application to Proceed *In Forma Pauperis* ("IFP") in the above-entitled action. Dkt. 1. After careful consideration of the Application, the governing law, and the balance of the record, the Court **ORDERS** as follows:

      (1)    Because Plaintiff does not appear to have funds available to afford the $405.00 filing fee, Plaintiff financially qualifies for IFP status pursuant to 28 U.S.C. § 1915(a)(1). Therefore, the Court **RECOMMENDS** that Plaintiff's IFP Application (Dkt. 1) be **GRANTED**.

      (2)    Plaintiff names the Washington State Department of Corrections ("DOC") as a Defendant in his Proposed Amended Complaint filed pursuant to 42 U.S.C. § 1983. Dkt. 5-1. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as

REPORT AND RECOMMENDATION - 1

1  an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action.

2  *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no

3  evidence the state of Washington has waived its Eleventh Amendment immunity in federal

4  courts. Therefore, the DOC is a state agency which cannot be sued under § 1983 and should not

5  be named in this lawsuit. The Court **RECOMMENDS** the Washington State DOC be

6  **DISMISSED** as a Defendant in this action.

7        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

8  shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

9  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

10 appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848

11 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the

12 Clerk is directed to set the matter for consideration on March 25, 2025, as noted in the caption.

13       Dated this 11th day of March, 2025.

      Grady J. Leupold
      United States Magistrate Judge

REPORT AND RECOMMENDATION - 2